UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL      'O'

| Case No. | 2:21-cv-09396-CAS-MAAx | Date | September 19, 2022 |
|---|---|---|---|
| Title | United States of America v. $76,000.00 In U.S. Currency | | |

Present: The Honorable    CHRISTINA A. SNYDER

| Catherine Jeang | Maria Bustillos | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:      Attorneys Present for Defendants:

Jonathan Galatzan, AUSA      James Drake, IV

**Proceedings:**    MOTION TO SET ASIDE ENTRY OF DEFAULT (Dkt. 24, filed on AUGUST 8, 2022)

## I. INTRODUCTION & BACKGROUND

On December 3, 2021, plaintiff United States of America filed a verified complaint for forfeiture against defendant $76,000.00 in U.S. currency pursuant to 21 U.S.C. § 881 (a)(6). Dkt. 1 ("Compl.") at 1. Defendant currency was seized during a traffic stop of Carlos Gomez Munoz ("claimant") on March 23, 2021, in San Dimas, California. Id. ¶ 5. Defendant currency is currently in the United States Marshals Service's custody, where it will remain during the pendency of this action. Id. at ¶ 6.

This case stems from an investigation conducted by Drug Enforcement Administration ("DEA") into the narcotics trafficking activities of an identified subject, UM22, who was based in Los Angeles County. DEA agents determined that UM22 was coordinating the distribution of methamphetamine and cocaine in California, and sending remittances to sources in Mexico. Id. ¶ 8. On March 19, 2021, Los Angeles County Superior Judge Larry P. Fidler authorized the interception of all wire and telephone data used by UM22. Id. ¶ 9. Through the wire-intercepted calls, the DEA agents discovered that UM22 was coordinating the delivery of narcotics proceeds with claimant. Id. ¶ 10. On March 21, 2021, DEA agents obtained a state search warrant authorizing the collection of GPS data associated with claimant's cell phone. Id. ¶ 11. Through the intercepted conversations between UM22 and claimant, DEA agents discovered that claimant was in possession of approximately $70,000 of narcotics proceeds and that he would arrive in Los Angeles, California on March 23, 2021. Id. ¶ 13. On March 23, 2021, claimant was identified driving in San Dimas, California, and required to stop by

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL     'O'

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-09396-CAS-MAAx | Date | September 19, 2022 |
| Title | United States of America v. $76,000.00 In U.S. Currency | | |

the Fontana Police Department ("FPD"). Id. ¶ 15. During the stop, FPD investigators found $76,000.00 in U.S. currency hidden in claimant's dashboard. Id. ¶ 16.

Based on these facts, plaintiff alleges defendant currency represents or is traceable to the proceeds of illegal narcotics trafficking, was intended to be used in one or more exchanges of controlled substances, or was used to facilitate one or more exchanges for a controlled substance, in violation of 21 U.S.C. § 841 et seq. Id. ¶ 17. Accordingly, plaintiff seeks forfeiture of defendant currency pursuant to 21 U.S.C. § 881(a)(6). Id.

On January 20, 2022, claimant filed an answer to plaintiff's complaint. Dkt. 11.

On April 4, 2022, claimant failed to appear at a Court-ordered scheduling conference. Dkt. 15. Accordingly, the Court continued the hearing to April 25, 2022, and ordered claimant to show cause in writing, no later than April 18, 2022, why his answer should not be stricken for failure to appear at a Court-ordered hearing. Id.

However, claimant neither responded to the order to show cause nor attended the Court-ordered April 25, 2022 hearing. Dkt. 16. Accordingly, on April 25, 2022, the Court struck claimant's answer and ordered the Clerk to enter default against claimant. Id. On May 3, 2022, the Clerk entered default as to claimant. Dkt. 17.

On June 24, 2022, claimant filed a prior motion to set aside entry of default pursuant to Rule 55(c). Dkt. 18. Plaintiff filed an opposition on July 5, 2022. Dkt. 20.

On July 25, 2022, the Court held a hearing on claimant's prior motion to set aside entry of default. At that hearing, claimant's counsel requested that the Court provide claimant with an opportunity to resubmit his motion, representing that he would include additional evidence related to the existence of a meritorious defense, and possibly related to claimant's lack of culpable conduct. See Dkt. 23 at 2.

On July 25, 2022, the Court denied claimant's motion to set aside the entry of default without prejudice, and directed claimant to file his renewed motion. Id.

On August 8, 2022, claimant filed a renewed motion to set aside entry of default. Dkt. 24 ("Mot."). On September 9, 2022, plaintiff filed an opposition. Dkt. 28 ("Opp.").

On September 19, 2022, the Court held a hearing. Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                'O'

| Case No. | 2:21-cv-09396-CAS-MAAx | Date | September 19, 2022 |
|---|---|---|---|
| Title | United States of America v. $76,000.00 In U.S. Currency | | |

## II.  LEGAL STANDARD

Pursuant to Fed. R. Civ. P. 55(c), a court may set aside an entry of default "for good cause." The Court considers three elements when evaluating whether "good cause" exists: (1) whether defendant's culpable conduct led to the default, (2) whether defendant has a meritorious defense, and (3) whether reopening the default judgment would prejudice plaintiff. TCI Group Life Insurance Plan v. Knoebber, 244 F.3d 691, 696 (9th Cir. 2000) (noting that courts use the same factors to assess "good cause" under Fed. R. Civ. P. 55(c) as for reviewing default judgments under Fed. R. Civ. P. 60(b)), overruled on other grounds by Egelhoff v. Egelhoff Ex rel. Breiner, 532 U.S. 141, 147 (2001).

As a general rule, cases should be decided on the merits as opposed to by default, and, therefore, "any doubts as to the propriety of a default are usually resolved against the party seeking a default judgment." Judge Virginia A. Phillips et al., Rutter Group Prac. Guide Fed. Civ. Pro. Before Trial Ch. 6-A ¶ 6:11 (2021 ed.) (citing Pena v. Seguros La Comercial, S.A., 770 F.2d 811, 814 (9th Cir. 1985)). As such, the Court has broad discretion to overturn an entry of default. Mendoza v. Wight Vineyard Management, 783 F.2d 941, 945–46 (9th Cir. 1986). This discretion is "more liberally applied" where a defendant seeks to set aside an entry of default pursuant to Rule 55(c) rather than a default judgment pursuant to Rule 60(b). United States v. Signed Pers. Check No. 730 of Yubran S. Mesle, 615 F.3d 1085, 1091, n.1 (9th Cir. 2010). Moreover, the rules governing motions to set aside defaults "are solicitous towards movants." Id. at 1089. Nonetheless, the defaulting party carries the burden to demonstrate that the default should be set aside. TCI Group Life Ins. Plan, 244 F.3d at 696.

## III.  DISCUSSION

Claimant argues that the Court should set aside the entry of default because there is good cause for his delay in appearing in this action. Mot. at 4. In particular, claimant contends that his failure to appear at two Court-ordered hearings or respond to the Court's order to show cause "[is] excusable because due to an email error the Claimant was unaware they were on calendar." Id. at 5; see also Dkt. 18 at 9–10 (declaration of claimant's counsel, James F. Drake IV). Claimant also contends that he has a meritorious defense because there is "evidence that the source of the seized funds [was] lawful and legitimate activities and the [sic] not the proceeds of any illegal crime or activity." Id. In support of his meritorious defense, claimant filed an affidavit with accompanying exhibits asserting that the source of the seized funds come from a mortgage refinance he

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:21-cv-09396-CAS-MAAx | Date | September 19, 2022 |
|---|---|---|---|
| Title | United States of America v. $76,000.00 In U.S. Currency | | |

and his wife secured, along with money from lawful vehicle sales, for the purported purposes of buying property in Mexico. See Dkt. 27. Finally, claimant argues that "[a]llowing the case to move forward on the merits after only a short delay should not prejudice Plaintiff's ability to litigate its case." Id. at 6.

In its opposition to the prior motion (which plaintiff re-adopts for the purpose of this motion), plaintiff argues that claimant's conduct is culpable because "despite receiving actual notice of the requirements to file a Joint Rule 26(f) Status Report and to attend a Scheduling Conference, he neither participated in the filing of the Status Report nor did he respond to any of government counsel's emails or voicemail regarding the filing of the Status Report." Dkt. 20 at 2. Plaintiff adds that even though "the record shows that Claimant received notice of the Scheduling Conference and continued Scheduling Conference/OSC," claimant "has not offered any credible, good faith explanation for his failure to respond to plaintiff's various emails nor appear at the Court-ordered Scheduling Conferences." Id. at 6. While plaintiff does not contend that it would be prejudiced if the case were to proceed on the merits, plaintiff does contend that "either Claimant's failure to show his lack of culpability or his failure to establish a meritorious defense is sufficient . . . to warrant the denial of his request." Id.

Additionally, plaintiff disputes the sufficiency and characterization of claimant's proffered meritorious defense, arguing:

> Despite the fact that the borrower on the loan claimed the funds were to be used to purchase a motorhome, Claimant now asserts that the funds were, instead, saved, in cash, for two years to purchase a home in Mexico. No explanation or evidence was provided to explain this discrepancy. In addition, Claimant does not attach any documents regarding the withdrawal of the loan funds from his (or any) bank account, nor does Claimant submit any documentary evidence regarding the property to be purchased in Mexico.

Opp. at 3. Ultimately, plaintiff argues that claimant has not presented facts sufficient to satisfy his burden of asserting a meritorious defense. Id. at 4.

The Court finds that setting aside the entry of default here is appropriate. First, claimant's failure to appear at the April 4, 2022 scheduling conference and April 25, 2022 hearing does not rise to the level of culpable conduct to justify refusing to set aside

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      'O'

| Case No. | 2:21-cv-09396-CAS-MAAx | Date | September 19, 2022 |
|---|---|---|---|
| Title | United States of America v. $76,000.00 In U.S. Currency | | |

the entry of default. See Penn Treaty Network Am. Life Ins. Co. v. Rose, No. 216-CV-02077-CAS-AGRX, 2016 WL 7469575, at *2 (C.D. Cal. Dec. 27, 2016) (concluding that a party's "failure to respond does not, on its own, amount to culpable conduct"). While claimant's counsel was undoubtedly negligent in handling his own email and notification systems, the Court agrees with claimant that his failure to respond does not evidence any intent to take advantage of plaintiff or to otherwise manipulate the legal process. TCI Grp. Life Ins. Plan, 244 F.3d at 697–98 ("Neglectful failure to answer as to which the defendant offers a credible, good faith explanation negating any intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process is not 'intentional' . . . and is therefore not *necessarily* . . . culpable or inexcusable."); see also Judge Virginia A. Phillips et al., Rutter Group Prac. Guide Fed. Civ. Pro. Before Trial Ch. 6-A ¶ 6:11 (2021 ed.) ("[A]ny doubts as to the propriety of a default are usually resolved against the party seeking a default judgment.") (citing Pena, 770 F.2d at 814). Therefore, the Court finds that defendants did not act culpably.

Additionally, claimant has alleged a meritorious defense. Although plaintiff challenges the sufficiency and characterization of this defense, "the burden on a party seeking to vacate a default judgment is not extraordinarily heavy." TCI Grp. Life Ins. Plan, 244 F.3d at 700. Here, the facts asserted in claimant's affidavit—that claimant and his wife refinanced their home and used other lawful sources of income for the purposes of buying property—demonstrate "some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by default." Bower v. Cnty. of Riverside, No. 15-CV-2660-DSF-KKX, 2019 WL 3308821, at *2 (C.D. Cal. Apr. 19, 2019) (quoting Haw. Carpenters' Trust Funds v. Stone, 794 F.2d 508, 513 (9th Cir. 1986); see id. (finding defendant's proffered statements "At no time did I act in an unreasonable or unlawful manner as to the plaintiffs or their property" and "At no time did I assault or battery [sic] either of the plaintiffs" to meet "his minimal burden" to set aside entry of default). The question of whether claimant's factual allegations are true is to be determined later in the litigation.

Finally, plaintiff does not dispute that it will not suffer prejudice rising to the level of a "greater harm than simply delaying resolution of the case." TCI Group Life Ins. Plan, 244 F.3d at 701.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:21-cv-09396-CAS-MAAx | Date | September 19, 2022 |
|---|---|---|---|
| Title | United States of America v. $76,000.00 In U.S. Currency | | |

## IV. CONCLUSION

In accordance with the foregoing, the Court **GRANTS** claimant's motion to set aside entry of default. The Court sets a Scheduling Conference on **December 5, 2022**, at **11:00 A.M.** A Joint Report shall be filed on or before November 28, 2022.

IT IS SO ORDERED.

|  | 00 : 04 |
|---|---|
| Initials of Preparer | CMJ |